IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KLEM, | ) | |
|     Plaintiff | ) | C.A. No. 15-106 Erie |
| v. | ) | |
| | ) | District Judge Rothstein |
| JAMES P. CARBONE, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

## II. REPORT

### A. Relevant Procedural History

This case was originally filed with the United States District Court for the Middle District of Pennsylvania, but was subsequently transferred to this Court on or about April 14, 2015. On June 3, 2015, this Court issued an Order for service of the Complaint in this matter, which required Plaintiff to provide the United States Marshal Service with a USM-285 "Process Receipt and Return" form ("service instructions") for each named Defendant in this case. [ECF No. 12]. After receiving a letter from the U.S. Marshal stating that it had not yet received the required service instructions from Plaintiff, the Court issued an Order to Show Cause requiring Plaintiff to provide the U.S. Marshal with service instructions by October 5, 2015 [ECF No. 16]; however, this Order was returned to the Clerk's office with the notation, "released, unable to forward." As a

1

result, this Court issued an Order requiring Plaintiff to provide the Clerk of Courts with notice of his change of address on or before February 29, 2016. [ECF No. 17]. On February 18, 2016, Plaintiff filed a Notice of Change of Address indicating that he was housed at the Venango County Prison. [ECF No. 18].

On April 6, 2016, the Court issued another Order requiring Plaintiff to provide the necessary service instructions to the U.S. Marshal by April 26, 2016, or suffer dismissal of this action for failure to prosecute. [ECF No. 19. This Order was returned to the Clerk marked "Return to Sender." As a result, this Court again issued a show cause Order requiring Plaintiff to file a written change of address with the Clerk's Office by June 22, 2016 or suffer dismissal of this case for failure to prosecute. [ECF No. 20]. This Order was also returned to the Clerk, this time containing the notation, "Release 3-11-16." Since that time, Plaintiff has failed to notify this Court of his change of address, and has not provided the necessary service instructions required to move this case forward.

**B.** **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the

meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case should be dismissed due to Plaintiff's failure to prosecute.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 5, 2016

cc: The Honorable Barbara Rothstein
United States District Judge